UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JERRY CONLEY and GEORGETTA CONLEY,<br><br>           Plaintiffs,<br><br>v.<br><br>WELLS FARGO, et al.,<br><br>           Defendants. | 2:11-CV-141 JCM (LRL) |

**ORDER**

Presently before the court is defendant Wells Fargo Bank, N.A.'s motion to dismiss plaintiff's complaint with prejudice. (Doc. #4). Defendant has submitted a request for judicial notice along with the motion. (Doc. #5). Plaintiffs have responded (doc. #8), and the defendant has replied (doc. #9).

The instant dispute concerns property located at 3778 Bossa Nova Drive, Las Vegas, Nevada 89129. Plaintiffs acquired ownership of the property on or around August 30, 2004, from the Joseph A. Murray Living Trust by away of a "grant, bargain, sale deed." On December 10, 2007, plaintiffs obtained a $251,447.00 loan, secured by a deed of trust on the property, from defendant Wells Fargo. Following default, a notice of default and election to sell under deed of trust was recorded on June 1, 2010, by Wells Fargo's agent. A notice of trustee's sale was recorded on October 26, 2010, and the property sold at public auction on November 19, 2010.

Plaintiff filed the instant complaint on January 26, 2011, alleging four claims for relief: (1) wrongful foreclosure, (2) breach of the duty of good faith and fair dealing, (3) fraudulent

**James C. Mahan**
**U.S. District Judge**

1 misrepresentation, and (4) negligent misrepresentation. (Doc. #1). In the prayer for relief, plaintiff
2 requests: (1) the foreclosure be rescinded, (2) Wells Fargo be required to negotiate with plaintiffs
3 in good faith, (3) the unlawful detainer judgement be rescinded and plaintiffs be allowed to return
4 to the property, and (4) attorneys's fees and costs.

## **DISCUSSION**

6 "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted
7 as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
8 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a
9 complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the
10 line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S.
11 at 557). However, where there are well pled factual allegations, the court should assume their
12 veracity and determine if they give rise to relief. *Id.* at 1950. Defendant Wells Fargo now urges the
13 court to dismiss the complaint with prejudice. (Doc. #4).

14 **(1)   Wrongful Foreclosure**

15 The defendant argues that this first claim for relief is barred by the judicial doctrine of
16 collateral estoppel. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("Under the doctrine of claim
17 preclusion, a final judgment forecloses successive litigation of the very same. . . ."). In *Conley et al.*
18 *v. Stumph et al.*, 2:10-cv-01260-GMN-RJJ, Judge Navarro granted defendants' motion to dismiss
19 plaintiff's claim of wrongful foreclosure, which allegedly involved the same parties and same
20 underlying issues. (*See* doc. # 20 in 2:10-cv-01260-GMN-RJJ). Accordingly, defendant contends that
21 because it requested "dismissal with prejudice" in its motion, that order constituted a final judgment,
22 barring further suit on this issue.

23 The court rejects this argument, noting that Judge Navarro never stated in her order that she
24 intended to dismiss the case with prejudice. Rather, it appears that the plaintiff failed to respond, and
25 the motion was granted pursuant to Local Rule 7-2, which declares that the failure of an opposing
26 party to file a response to any motion shall constitute consent to the granting of the motion. Whereas
27 the court declines to presume that the case was dismissed with prejudice, that order cannot constitute

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 a final judgment. *See Weinberg v. Whatcom County*, 241 F.3d 746, 751 (9th Cir. 2001) ("[A] dismissal without prejudice is not a decision on the merits and thus lacks preclusive effect."). Accordingly, the court considers the merits of the motion to dismiss.

"An action for the tort of wrongful foreclosure will lie [only] if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Federal*, 662 P.2d 610, 623 (Nev. 1983). Here, plaintiffs admit on the face of the complaint that they "fell behind on payments." (Doc. #1, ¶ 11). Accordingly, the court grants the motion to dismiss the first claim for relief.

**(2)     Breach of Duty of Good Faith and Fair Dealing**

To state a claim of breach of the covenant of good faith and fair dealing, plaintiff must allege: (1) plaintiff and defendants were parties to an agreement; (2) the defendants owed a duty of good faith to the plaintiff; (3) the defendants breached that duty by preforming in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). In Nevada, an implied covenant of good faith and fair dealing exists in every contract, *Consol Generator-Nevada v. Cummins Engine*, 917 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert a claim for its breach if the defendant deliberately contravenes the intention and spirit of the agreement, *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev. 1994).

Here, the complaint merely restates the elements of a claim for breach of the duty of good faith and fair dealing. Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs have failed this obligation, in that the complaint is devoid of any factual explanation of how Wells Fargo breached this duty. Accordingly, the court grants the motion to dismiss the second claim for relief.

James C. Mahan
U.S. District Judge

- 3 -

**(3)     Fraudulent Misrepresentation**

A claim of fraudulent misrepresentation requires a plaintiff to allege: (1) the defendant made a false representation; (2) the defendant knew or believed the representation was false; (3) the defendant intended to induce the plaintiff into acting in reliance of the misrepresentation; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered damages from so relying. *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992). The plaintiff has the burden of proving each element of fraud by clear and convincing evidence. *Id.* at 110–11 (citing *Lubbe v. Barba*, 540 P.2d 115 (Nev. 1975)).

Again, plaintiff has failed to plead any facts to explain how defendant is guilty of fraudulent misrepresentation. The totality of plaintiff's claim is: "The defendants used tricky, deceit and unscrupulous actions leading plaintiff into a false sense of security." (Doc. #1, ¶ 28). This is insufficient to identify the "'who, what, when, where and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Accordingly, the court grants the motion to dismiss the third claim for relief.

**(4)     Negligent Misrepresentation**

A plaintiff alleging a claim for negligent misrepresentation must plead the claim with the requisite particularity under Federal Rule of Civil Procedure 9(b). *See Eder v. Allstate Ins. Co.*, 60 F.3d 833, *5 (9th Cir. 1995) (affirming the district court's dismissal of such a claim for failure to comply with Rule 9(b)). Again, plaintiffs have failed to allege any facts in support of this claim, and the court grants the motion to dismiss claim four.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss (doc. #4) is GRANTED without prejudice.

DATED May 3, 2011.

_____
UNITED STATES DISTRICT JUDGE